```
             UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF FLORIDA

            CASE NO. 08-60767-CIV-ZLOCH
```

TOP BRANCH ENVIRONMENTAL
SERVICES, INC.,

    Plaintiff,

vs.                                            **O R D E R**

HOODRIDGE UNLIMITED,
INC., et al.

    Defendants.
_____/

THIS MATTER is before the Court upon Defendant Superior Mulch, Inc.'s Motion To Dismiss (DE 17), Defendant Home Depot U.S.A., Inc.'s Motion To Dismiss (DE 18), Defendant Amerigrow of Jupiter, Inc.'s Motion To Dismiss (DE 29), and Defendant Hoodridge Unlimited, Inc.'s Motion To Dismiss (DE 33). The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

The Court notes that only a generalized statement of facts needs to be set out to comply with the liberal pleading requirements of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a). The Supreme Court recently abrogated its test for determining the sufficiency of a complaint as formulated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1965 (2007). In Twombly, the Court stated that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

The Court further explained that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely."  Id. (quotations omitted)

Plaintiff's Amended Complaint (DE 1) clearly satisfies the pleading requirements of Rule 8(a).  Further, the legal issues raised in the instant Motion (DE 9) are more properly addressed in a Motion for Summary Judgment, when discovery may present the Court with a full record upon which it may address and decide said issues.  However, the Court will dismiss Count III of the Amended Complaint because the facts as pled do not give rise to a claim for conversion, and Plaintiff concedes this point in its Memorandum In Opposition.  DE 38, p. 9 n.6.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant Superior Mulch, Inc.'s Motion To Dismiss (DE 17), Defendant Home Depot U.S.A., Inc.'s Motion To Dismiss (DE 18), Defendant Amerigrow of Jupiter, Inc.'s Motion To Dismiss (DE 29), and Defendant Hoodridge Unlimited, Inc.'s Motion To Dismiss (DE 33) be and the same are hereby **GRANTED** in part and **DENIED** in part as follows:

1. To the extent the instant Motions (DE Nos. 17, 18, 29 & 33) seek the dismissal of Count III, they be and the same are hereby **GRANTED**;

2. In all other respects, the instant Motions be and the same

are hereby **DENIED**; and

    3. By <u>noon</u> on <u>Friday, September 19, 2008</u>, all Defendants shall file their Answers to the Amended Complaint.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this <u>  5th  </u> day of September, 2008.

                                 WILLIAM J. ZLOCH
                                 United States District Judge

Copies furnished:

All Counsel of Record